IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| ANGELA JONES ALEXANDER, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-400 |
| | § | |
| RUBEN S. MARTIN, III AND | § | |
| KAREN L. YOST, | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is Defendant Ruben S. Martin, III's ("R. Martin's") Motion for Partial Summary Judgment. Dkt. No. 147. Also before the Court are Plaintiff's response, R. Martin's reply, and Plaintiff's sur-reply. Dkt. Nos. 299, 309, & 316. The Court referred the above-mentioned motion to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. *See* 5/27/2010 Order, Dkt. No. 261. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for disposition of the above-mentioned motion, has been presented for consideration. *See* Dkt. No. 349. Defendant R. Martin filed objections to the Report and Recommendation. Dkt. No. 391. The Court has conducted a *de novo* review of the Magistrate Judge's findings and conclusions. Having considered the briefing, the Report and Recommendation, and all other relevant papers and pleadings, the Court finds that the Report and Recommendation should be ADOPTED and R. Martin's motion for summary judgment should accordingly be DENIED.

## I. BACKGROUND

Plaintiff Angela Jones Alexander ("Plaintiff") brings suit against Defendants R. Martin and Karen L. Yost for alleged breach of fiduciary duty and bad faith with respect to their trusteeship of the R.S. Martin Children's Trust No. One (the "Trust"). The Trust terminated on February 17, 2010. Plaintiff was a beneficiary of the Trust. The Trust included a substantial amount of stock in Martin Resource Management Corporation.

Plaintiff asserts breach of fiduciary duty, negligence, and bad faith causes of action against R. Martin. *See* Second Am. Compl., Dkt. No. 96 at ¶¶ 26 & 30. R. Martin is Chairman of the Board of Directors of MRMC, and he also serves as MRMC's Chief Executive Officer. Plaintiff alleges that as part of a scheme to strengthen R. Martin's control over MRMC, R. Martin breached his fiduciary duty to Plaintiff by impairing the value of MRMC stock held by the Trust. In particular, actions taken by R. Martin while trustee purportedly caused MRMC to issue shares and dilute the Trust by over 20%, resulting in a loss to Plaintiff of approximately $9,000,000.00. *Id*. at ¶¶ 20-21.

## II. R. MARTIN'S OBJECTIONS

The Report and Recommendation finds that R. Martin's motion for partial summary judgment should be denied, and R. Martin has filed objections. *See* Dkt. No. 391. R. Martin asserts he owed Plaintiff no fiduciary duty under the Trust on January 19, 2008, or June 18, 2008, because he had been removed as the investment trustee. R. Martin contends his removal as investment trustee is dispositive of Plaintiff's claims regarding alleged dilution. R. Martin further asserts the Magistrate Judge failed to consider the limitations on a dispositive trustee's duties. Finally, R. Martin re-urges his objections to the affidavits of Alvin Golden and Plaintiff.

# III. DISCUSSION

The Court, having reviewed the relevant briefing, the Report and Recommendation, and R. Martin's objections, agrees with the Magistrate Judge that there are genuine issues of material fact on every component of Plaintiff's case challenged by R. Martin's motion.

For example, the parties dispute whether R. Martin had fiduciary duties at the time of the stock issuances on January 19, 2008, and June 18, 2008, which purportedly benefitted R. Martin and harmed Plaintiff. Moreover, Plaintiff submits that R. Martin took action to set up those stock issuances while R. Martin was trustee and indisputably had fiduciary obligations. Dkt. No. 349 at 18-19; *see also* Dkt. No. 299 at 9 & 14. Also of note, R. Martin purportedly resigned as investment trustee a mere hour and a half before the January 19, 2008 stock issuance. Dkt. No. 299 at 13. Plaintiff also argues that R. Martin caused illegal loans to issue from the Trust to MRMC, and Plaintiff submits that even though those loans appeared on Trust statements, the loans were recorded improperly and, moreover, Plaintiff was not aware that the loans were illegal. *See* Dkt. No. 299 at 17-19. R. Martin has not shown as a matter of law that Plaintiff's two-week tenure as trustee in January 2008 caused any acquiescence or ratification of those loans. Not only was this tenure brief, but Plaintiff submits that her legal counsel was unavailable during that time. Dkt. No. 299 at 19-20. In sum, Plaintiff has raised genuine issues of material fact regarding the existence of a fiduciary duty and the alleged breaches of fiduciary duty.

R. Martin's arguments regarding the distinction between his duties as dispositive trustee and investment trustee are unavailing. R. Martin submits that he had no power to vote the Trust's MRMC shares at the relevant times because he was not then serving as investment trustee. *See* Dkt. No. 391 at 7. Plaintiff, however, argues not that R. Martin misused voting

power but rather that R. Martin took actions to secure his control of MRMC by reducing the power of the MRMC stock held by the Trust. Regardless, as noted above, Plaintiff has submitted evidence that R. Martin orchestrated preparations for the above-mentioned stock issuances while serving as both dispositive trustee and investment trustee. Further, Plaintiff has raised genuine issues of material fact as to whether R. Martin had an "informal fiduciary duty" to Plaintiff at the relevant times based upon a relationship of trust and confidence, including their familial relationship and R. Martin's role in supporting Plaintiff during R. Martin's trusteeship. *See* Dkt. No. 299 at 16-17.

Finally, R. Martin's evidentiary objections should be overruled. R. Martin argues that Paragraphs 12 and 13 of the Alexander Affidavit (Dkt. No. 302 at MM) contradict prior deposition testimony without explanation and therefore cannot be relied upon to defeat summary judgment. *See* Dkt. No. 310 at ¶¶ 3-7. R. Martin also argues that Paragraph 13 of the Alexander Affidavit contains "conclusory statements" and baseless "self-serving factual allegations." *See id.* at ¶ 8. The Court adopts the recommendation that the Alexander Affidavit not be stricken. *See* Dkt. No. 349 at 12 n.3. Second, the Golden Affidavit contains permissible expert opinion, and the Court adopts the recommendation that the Golden Affidavit not be stricken. *See id.* at 12 n.2. Alternatively and in addition, the Court has found no need to rely upon the Golden Affidavit in conducting a *de novo* review of R. Martin's motion. Any purported defect in the Golden Affidavit therefore does not affect the outcome of the present motion.

In sum, Plaintiff has raised genuine issues of material fact regarding the alleged breach of fiduciary duty, and R. Martin's motion for summary judgment should therefore be DENIED.

## IV.  CONCLUSION

R. Martin's objections (Dkt. No. 391) are hereby **OVERRULED**.  The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, Defendant Ruben S. Martin, III's Motion for Partial Summary Judgment (Dkt. No. 147) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 17th day of September, 2010.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE