IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ANGELA JONES ALEXANDER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:08-CV-400 (DF) |
| | § | |
| RUBEN S. MARTIN, III, | § | |
| KAREN L. YOST, and | § | |
| MARGARET G. MARTIN, | § | |
| Defendants | § | |

**PLAINTIFF ANGELA JONES ALEXANDER'S
MOTION FOR PROTECTIVE ORDER AND, ALTERNATIVELY, TO QUASH
NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM**

Pursuant to the Court's Scheduling Orders [Dkt. Nos. 21 and 205] and its September 2, 2010 Order [Dkt. No. 388], and the Federal Rules of Civil Procedure, Plaintiff Angela Jones Alexander ("Angela") moves for entry of a Protective Order or, alternatively, for an Order quashing Defendant Ruben S. Martin, III's ("R. Martin") Notice of Intention to Take the Oral and Videotaped Deposition of Charles Diamond ("Dr. Diamond") and Subpoena Duces Tecum ("Dr. Diamond's Deposition Notice").and in support shows as follows:

**I.      Summary of Argument**

1.      The Court should grant this Motion because R. Martin unilaterally chose Houston, Texas as the location for Dr. Diamond's deposition, ignoring both (i) Dr. Diamond's unavailability and his physical inability to be in Houston, Texas on that date due to the short notice and his recent knee surgery and on-going rehabilitation, and (ii) the reasonable, alternative location and arrangements proposed by Angela – in person in Dr. Diamond's office in New York City or a telephonic deposition – that fully complied with the Court's September 2nd Order.

## II.   Factual Background

2.   On September 2, 2010, the Court issued its Order on R. Martin's Emergency Motion to Modify, [Dkt. No. 388], which stated, in relevant part, the following:

> The Court hereby **ORDERS** that R. Martin may depose Plaintiff's damages expert, Dr. Charles Diamond, for no more than one (1) hour on the record regarding whether and how Plaintiff's sale of MRMC stock in August 2010 affects Plaintiff's damages calculations. This deposition shall be completed <u>within 21 days of this Order</u> . . .
>
> The Court further hereby **ORDERS** that leave of Court is required to pursue any additional discovery not addressed by this Order.

Unlike the depositions ordered for Angela and Third-Party Defendant S. Martin, the Court did not order the Plaintiff to produce Dr. Diamond for the deposition in any particular location nor did it order Dr. Diamond to produce any documents. Furthermore, in regards to location, the Court's Order appeared to reflect that the R. Martin would have to take the depositions at the convenience of the deponent or by agreement. For example, the Court's Order provided (i) that the Plaintiff was to be deposed near her residence in Nashville, Tennessee, and (ii) that third-party defendant S. Martin was to be deposed "at a place reasonably near S. Martin's place of work or residence, or some other location agreed upon by the parties . . . "

3.   On the morning of Friday, September 17, more than two weeks after the Court issued its September 2nd order and less than one week before the September 23rd deadline for Dr. Diamond's deposition thereunder, Robert Killeen ("Mr. Killeen"), counsel for Defendant R. Martin, requested to schedule Dr. Diamond's deposition.[1]

4.   Later on the morning of Friday, September 17, after considering the availability of Dr. Diamond, Dr. Diamond's post-surgical physical ability, and the limited time available under the Court's Order, Angela's counsel responded by offering to produce Dr. Diamond (i) "on either

---

[1]   E-mail from Robert Killeen to George Wommack, dated September 17, 2010, *attached as Exhibit A*.

September 21, 22, or 23 at 2:00 p.m. eastern time at Dr. Diamond's office at 3 Times Square, Ninth Floor, New York, NY 10036", or (ii) telephonically.[2]

5. Later in the afternoon on Friday, September 17, Mr. Killeen faxed Angela's counsel a letter stating the following: "This is to confirm that we are available to take the deposition of your expert, Mr. Diamond on Tuesday, September 21 during the late afternoon <u>at your law office in Houston, Texas</u>."[3]

6. On the morning of September 20, 2010 and nearly contemporaneously with Angela's counsel sending their written response to Mr. Killeen's inaccurate September 17th letter,[4] R. Martin unilaterally noticed the deposition of Angela's expert witness, Dr. Charles Diamond, to occur on September 21, 2010, the next day, in Houston, Texas.[5]

7. In addition to picking a deposition location unilaterally for which Dr. Diamond is not available, Dr. Diamond's Notice includes a subpoena duces tecum that is the very type of "additional discovery" prohibited by the Order without leave of Court, which R. Martin neither sought nor obtained.

8. Dr. Diamond had arthroscopic knee surgery on August 30, 2010, and is currently rehabilitating from this surgery.[6] He resides in New York, and he is not supposed to fly due to swelling in his knee. Furthermore, he has physical therapy appointments in New York at 7:00 p.m. on Monday, September 20, Wednesday, September 22, and Friday, September 24, 2010.

### III. Argument and Authorities

---

[2] E-mail from JP Singh to Robert Killeen, dated September 17, 2010, *attached as Exhibit B*.
[3] Letter from Robert Killeen to George Wommack, dated September 17, 2010, *attached as Exhibit C,* (underline added).

[4] Letter from George Wommack to Robert Killen, dated September 20, 2010, *attached as Exhibit D*.

[5] Dr. Diamond's Deposition Notice, *attached as Exhibit E*.

[6] Declaration of Charles Diamond, September 20, 2010, *attached as Exhibit F*.

**A.    Dr. Diamond's Deposition should occur either in New York City at Dr. Diamond's office or telephonically because Dr. Diamond is physically unavailable in Houston, Texas and both alternatives comply with the Court's Order, are reasonable, reduce the burden and expense of this short deposition, and because other arrangements can not be made due to the fact that R. Martin's counsel waited until the last-hour to try to schedule this deposition.**

9.    Angela's counsel offered R. Martin a deposition to occur in Dr. Diamond's office in New York City on September 21 or a telephonic deposition; however, R. Martin's counsel apparently refused to accept that offer or discuss the issue in a timely, multi-lateral manner. Dr. Diamond can not be available in Houston tomorrow, September 21, as he works and resides in New York City, and because of his current medical status.

10.    Angela's offers for the deposition were reasonable, especially considering that (i) the Court granted R. Martin only a one-hour deposition of Dr. Diamond and the potential costs related to taking such a deposition in Houston, Texas would be very high for Angela as she would have to fly Dr. Diamond, an expert witness, to Houston, Texas from New York on late-notice to appear solely for one hour, (ii) the Court's order reflected that R. Martin was, in relation to the location of the ordered depositions, supposed to take the depositions at the convenience of the deponent or by agreement, and (iii) R. Martin's counsel waited until the last hour, more than two weeks after the Court's order, to try to schedule the deposition.

11.    Furthermore, considering his medical status, Dr. Diamond is not physically capable of attending a deposition in Houston, Texas this week.

**B.    R. Martin's subpoena duces tecum to Dr. Diamond is improper.**

12.    In Dr. Diamond's Notice, R. Martin included a subpoena duces tecum that purported to require Dr. Diamond to produce documents responsive to two broad requests on less than one day's notice. Angela has previously disclosed all the documents relied upon by Dr. Diamond as is required of any testifying expert witness. Additional discovery is, therefore,

4

unwarranted, duplicative, and untimely. Further, the Court made clear in its September 2, 2010 Order that "leave of Court is required to pursue any additional discovery not addressed by this Order."[7] R. Martin has not sought leave of court to seek additional discovery, and his document requests exceed even the scope of the deposition which the Court allowed. Accordingly, Dr. Diamond should not be obligated to produce any of the requested documents.

## IV. Conclusion and Prayer

13. Angela requests the Court to order the Dr. Diamond's deposition occur either (i) on September 22 or 23 at 2:00 p.m. eastern time at Dr. Diamond's office at 3 Times Square, Ninth Floor, New York, NY 10036", or (ii) telephonically. Angela further requests any other relief to which she is entitled arising from R. Martin's unilateral notice of deposition, including sustaining Angela's objections to the untimely and improper subpoena duces tecum included with the notice.

Respectfully submitted,

OAKS, HARTLINE & DALY, L.L.P.

By /s/ George T. Wommack, Jr., by permission DJR
GEORGE T. WOMMACK, JR.
State Bar No. 21884000
STEPHEN S. ANDREWS
State Bar No. 01250300
2323 S. Shepherd, 14th Floor
Houston, Texas 77019-7024
Telephone: (713) 979-5566
Facsimile: (713) 979-4440
E-mail: gtw@wommack-law.com
E-mail: andrews@ohdlegal.com

---

[7] See Order [Dkt # 388].

<div style="margin-left: 3in;">

RICHARD F. HIGHTOWER, P.C.  
RICHARD F. HIGHTOWER  
State Bar No. 09618100  
2323 S. Shepherd, 14th Floor  
Houston, Texas 77019-7024  
Telephone:  (713) 626-5805  
Facsimile: (713) 713-979-4440  
E-mail:  richard@richardhightower.com  

CAPSHAW DeRIEUX, L.L.P.  
S. CALVIN CAPSHAW  
State Bar No. 03783900  
ELIZABETH L. DERIEUX  
State Bar No. 05770585  
D. JEFFREY RAMBIN  
State Bar No. 00791478  
Capshaw DeRieux, LLP  
1127 Judson Rd., Suite 220  
Longview, Texas 75601  
Telephone: (903) 236-9800  
Facsimile: (903) 236-8787  
E-mail: ccapshaw@capshawlaw.com  
E-mail: ederieux@capshawlaw.com  
E-mail: jrambin@capshawlaw.com  

ATTORNEYS FOR PLAINTIFF

</div>

## CERTIFICATE OF CONFERENCE

We hereby certify that Counsel for Angela Alexander (George Wommack as lead and Jeff Rambin as local) conferred via email with Counsel for Ruben Martin (Robert Killeen as lead, John Mercy as local) regarding this motion. It is opposed. Counsel for Angela Alexander requested a time for telephonic in-person meet-and-confer. Counsel for Ruben Martin did not respond to this request. Jeff Rambin called the offices of both Mr. Killen and Mr. Mercy. Neither was available for a telephone conference.

/s/ D. Jeffrey Rambin  
D. Jeffrey Rambin  

/s/ George T. Wommack, Jr. *by permission DJR*  
George T. Wommack, Jr.

## **CERTIFICATE OF SERVICE**

     I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 20th day of September, 2010, per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                  /s/ George T. Wommack, Jr., *by permission DJR*
                                   George T. Wommack, Jr.